# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 9, 2007

132119

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

CRAIG S. BRAUN,
        Plaintiff-Appellee,
and

MARY FREE BED HOSPITAL,
        Intervening Plaintiff,
v

SC: 132119
COA: 260118
WCAC: 03-000058

SECURE PAK a/k/a SAME DAY DELIVERY
and AMERISURE INSURANCE COMPANY,
        Defendants-Appellants.

_____/

On order of the Court, the application for leave to appeal the August 10, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

I respectfully dissent and would reverse the judgment of the Court of Appeals and reinstate the decision of the Workers' Compensation Appellate Commission (WCAC). The WCAC reviews the magistrate's decision under the "substantial evidence" standard, while this Court reviews the WCAC's determination under the "any evidence" standard. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 701 (2000). "'If it appears on judicial appellate review that the WCAC carefully examined the record, was duly cognizant of the deference to be given to the decision of the magistrate, did not "misapprehend or grossly misapply" the substantial evidence standard, and gave an adequate reason grounded in the record for reversing the magistrate, the judicial tendency should be to deny leave to appeal . . . .'" *Id.* at 703 (citation omitted). Here, the WCAC rejected the magistrate's decision on the basis of its conclusion that the magistrate: (1) failed to consider testimony by plaintiff's coworker that after a driver clocks out at 6:00 p.m. he's "done"; and (2) misinterpreted testimony by defendant's dispatcher to mean that "rarely would an employee receive a delivery run after 6:00 p.m." when the

dispatcher actually testified that "it was rare for a delivery run to come in just prior to 6 p.m." The WCAC, in my judgment, fairly reviewed the magistrate's sparse opinion and offered an "'adequate reason grounded in the record for reversing the magistrate.'" *Id.* Further, the conclusion reached by the WCAC majority is supported by competent evidence in the record. Accordingly, under *Mudel*, the Court of Appeals should have denied leave to appeal in this case. Just as this Court in its decisions overwhelmingly defers to the WCAC, so must the Court of Appeals.

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 9, 2007

_____
Clerk

t0206